1   PAYNE & FEARS LLP
     Attorneys at Law
2   James T. Conley, Bar No. 224174
     One Embarcadero Center, Suite 2300
3   San Francisco, CA 94111
     Telephone: (415) 398-7860
4   Facsimile: (415) 398-7863

5   PAYNE & FEARS LLP
     Attorneys at Law
6   Andrew J. Jarmillo, Bar No. 198303
     4 Park Plaza, Suite 1100
7   Irvine, CA 92614
     Telephone: (949) 851-1100
8   Facsimile: (949) 851-1212

9   Attorneys for Defendant
     HOME DEPOT U.S.A., INC.

10

11

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

**C 07 3520**

14   RICK HUERTA,

     CASE NO.

15         Plaintiff,

     (San Mateo County Superior Court Case No.
     CIV 463295)

16        v.

     **PETITION AND NOTICE OF REMOVAL**
17   HOME DEPOT, U.S.A., INC., a Delaware   **OF CIVIL ACTION UDER 28 U.S.C.**
     corporation doing business in California; and   **SECTIONS 1332 AND 1441(b)**
18   DOES 1-25

19        Defendants.

20

21        TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

22   DISTRICT OF CALIFORNIA AND TO PLAINTIFF RICK HUERTA AND HIS COUNSEL OF

23   RECORD:

24

25        PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home

26   Depot") removes this action from the Superior Court of the State of California for the County of

27   San Mateo to the United States District Court for the Northern District of California on the

28   following grounds:

PETITION AND NOTICE OF REMOVAL               Case No.

# JURISDICTION

1.      This Court has jurisdiction over this action because complete diversity exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).  Defendant Home Depot is a Delaware corporation with its principal places of business in Atlanta, Georgia.   Home Depot is informed and believes that Plaintiff Rick Huerta (hereinafter "Plaintiff") resides in the State of California. Accordingly, Home Depot seeks to remove this action as detailed below.

# INTRADISTRICT ASSIGNMENT

2.      This matter should be assigned to the San Francisco Division of the United States District Court for the Northern District of California because a substantial part of the events or omissions which give rise to the claim occurred in San Mateo County.  Civil L.R. 3-2(c), (d).

# THE STATE COURT ACTION

3.      On or about May 25, 2007, Plaintiff filed an action against Home Depot entitled "RICK HUERTA, Plaintiff vs. HOME DEPOT U.S.A. INC., a Delaware Corporation doing business in California, and DOES 1-25, Defendants" in the San Mateo County Superior Court, Case Number CIV 463295 (the "State Court Action").  On or about June 9, 2007, Home Depot first learned of the State Court Action when its legal department received notification from Corporation Service Company ("CSC") that it had accepted personal service of the Complaint on Home Depot's behalf.  A true and correct copy of the Complaint is attached as Exhibit "A" hereto.

4.      On July 5, 2007, Home Depot timely filed and served its Answer to Plaintiff's Complaint in the San Mateo County Superior Court.  A true and correct copy of Home Depot's Answer is attached as Exhibit "B" hereto.

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

2

5.     The documents attached hereto as Exhibits "A" through "B" constitute the pleadings, process and orders served upon or by Home Depot in the State Court Action.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6.     Home Depot is informed and believes that Plaintiff is a citizen of the State of California and was a citizen of the State of California at the time of the filing of the Complaint.

7.     Home Depot was incorporated in the State of Delaware.

8.     Home Depot's principal place of business is in the State of Georgia. Home Depot is one of the leading retailers in the home-improvement industry and operates warehouse-style stores throughout the United States. As a national corporation that conducts business in 49 of 50 states, Home Depot's business activities do not substantially predominate in a single state by virtue of doing more business in that state. *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003)(denying motion to remand, holding that Home Depot was a citizen of Delaware (state of incorporation) and Georgia (principal place of business), and complete diversity of citizenship existed between it and plaintiff, a California citizen). Accordingly, Home Depot does not perform a "substantial predominance" of corporate operations in any single state. *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions). Home Depot performs the vast majority of its executive and administrative functions at its corporate headquarters located in Atlanta, Georgia.

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1    9.    If a party is a corporation, it is a citizen of both its state of incorporation and

2    the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Home

3    Depot is (and was at the time of filing of the Complaint) a citizen of the States of Delaware and

4    Georgia.

5

6    10.    Complete diversity among the parties exists because Plaintiff is a citizen of

7    the State of California, Home Depot is a citizen of the States of Delaware and Georgia.

8

9    **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM**

10

11    11.    This Court's jurisdictional minimum, an amount in controversy in excess of

12    $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set

13    forth herein and more specifically described below. Home Depot discusses below the allegations

14    in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in

15    controversy in this matter exceeds $75,000.00. In doing so, Home Depot does not admit that

16    Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

17

18    12.    The Court may, for removal purposes, look to the removal papers for

19    underlying facts establishing the jurisdictional limit. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

20    Cir. 1992).) Here, Plaintiff has pled (albeit speciously) for the recovery of punitive damages. (See

21    Complaint, Prayer, 5.) "Where both actual and punitive damages are recoverable under a

22    complaint each must be considered to the extent claimed in determining jurisdictional amount."

23    (*Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943).)

24    Finally (and again, speciously), Plaintiff has pled for the recover of attorneys' fees that he

25    allegedly will incur as a result of Home Depot's alleged conduct. (See Complaint, Prayer, 8.) If

26    attorneys' fees are potentially recoverable by Plaintiff, the fee claim is included in determining the

27    amount in controversy. (*Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).)

28    Therefore it is factually apparent from the body of the Complaint that the claim exceeds the

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

4

1    jurisdictional amount. (*See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (Removal

2    upheld in wrongful termination case where, despite the fact that the Complaint failed to specify

3    damages sought, "lengthy list of compensatory and punitive damages" and claim for attorneys'

4    fees made it facially apparent that amount in controversy exceeded $75,000).)

5

6        13.    As demonstrated above, numerous cumulative and alternative bases exist to

7    establish that the damages sought by Plaintiff exceed the Court's jurisdictional minimum. As the

8    alleged damages far exceed this Court's jurisdictional limit and as the parties are of diverse

9    citizenship, removal is proper.

10

11                    **REMOVAL IS TIMELY**

12

13        14.    This action is being removed within 30 days of the point at which Home

14    Depot was served with the "initial pleading" setting forth Plaintiff's claims for relief. 28 U.S.C. §

15    1446(b). Plaintiff's Complaint was served on June 9, 2007. Accordingly, Home Depot is

16    removing this action in a timely manner.

17

18                        **CONCLUSION**

19

20        Because this civil action is between citizens of different states and the matter in

21    controversy exceeds $75,000, exclusive of interests and costs, this Court has original jurisdiction

22    over it, and Home Depot may remove it to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b).

23    Home Depot respectfully requests that this Court exercise its removal jurisdiction over this action.

24

25

26

27

28

ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

5

1    DATED:  July 5, 2007                    PAYNE & FEARS LLP

2

3                                            By:

4                                                    JAMES T. CONLEY

5                                            Attorneys for Defendant
                                             HOME DEPOT U.S.A., INC.
6

7

8        361500.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PETITION AND NOTICE OF REMOVAL                                    Case No.

# EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT U.S.A. Inc. a Delaware corporation doing business in California; and DOES 1-25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICK HUERTA,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED FILED**
**SAN MATEO COUNTY**
MAY 2 5 2007

Clerk of the Superior Court
By DANIEL SHEA
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: Superior Court of California County of San<br>*(El nombre y dirección de la corte es):* Mateo<br>400 County Center<br>Redwood City, CA 94063-1655 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

United Employee's Law Group, P.C.   (562) 256-1047
65 Pine Avenue, Suite 312
Long Beach, California 90802

DATE:  MAY 2 5 2007          Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*          *(Adjunto)*

JOHN C. FITTON          DANIEL SHEA

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Home Depot U.S.A. Inc. A Delaware Corporation doing Business in California

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

Code of Civil Procedure §§ 412.20, 465

## SUMMONS

1473.172

COPY



1  UNITED EMPLOYEES LAW GROUP, P.C.
   Walter L. Haines, Esq.  SBN 71075
2  Thomas K. Emmitt,  SBN 207504
   65 Pine Ave., Suite 312
3  Long Beach, CA 90802
   Tel: (562) 256-1047
4  Fax: (562) 256-1006

5  Attorneys for Plaintiff
   RICK HUERTA
6

**ENDORSED FILED**
SAN MATEO COUNTY
MAY 2 5 2007
Clerk of the Superior Court
DANIEL SHEA
By _____
DEPUTY CLERK

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF SAN MATEO

9                                    CIV 4 6 3 2 9 5

10  RICK HUERTA,                    )  Case Nº
                                    )
11           Plaintiff,             )  COMPLAINT FOR DAMAGES AND
                                    )  STATUTORY PENALTIES
12  vs.                             )
                                    )  1.  Failure to Pay Overtime
13                                  )  2.  Waiting Time Penalties [Lab.C. § 203]
14  HOME DEPOT U.S.A. INC. a Delaware )  3.  Failure to Provide Accurate Itemized
    corporation doing business in California; )      Statements [Lab. Code §226]
15  and DOES 1-25,                  )  4.  Failure to Provide Meal Periods
                                    )      [Lab.C. §§ 226.7, 512, and IWC Wage Orders]
16           Defendant(s).          )  5.  Failure to Provide Rest Periods
                                    )      [Lab.C. § 226.7 and IWC Wage Orders]
17                                  )  6.  Unfair Competition [B&PC § 17200-et seq.]
                                    )  7.  Failure to Produce Records [Lab.C. § 1174.5]
18                                  )  8.  Constructive Trust
                                    )
19                                  )
                                    )
20                                  )
                                    )
21

22       COMES NOW Plaintiff RICK HUERTA (hereinafter referred to as "HUERTA" or "Plaintiff"),

23  an individual, and complains and alleges against the above-named Defendants, and each of them, for

24  causes of action as follows:

25              ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

26       1.  Plaintiff brings this action against Defendants THE HOME DEPOT, INC., and DOES 1

27  through 25, inclusive, for statutory damages, injunctive relief, prejudgment interest, costs, attorney's

28  fees, restitution, Labor Code penalties, and other appropriate relief for Defendants' violations of various

                                    1
              COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

1    sections of the California Labor Code, Industrial Welfare Commission Wage Orders, and Business &

2    Professions Code §§ 17200-*et seq.* Jurisdiction is proper in this Court because alleged damages exceed

3    $25,000.00 and Plaintiff seeks a permanent injunction according to Code of Civil Procedure

4    § 580(b)(2).    2. At all times mentioned herein, Plaintiff HUERTA was a resident of SAN MATEO

5    County, State of California. HUERTA is a former employee of Defendants, and each of them.

6        3. Plaintiff is informed and believes, and on that basis allege, that at all times mentioned

7    herein, Defendant THE HOME DEPOT, INC. (hereinafter referred to as "HOME DEPOT"

8    individually, or collectively as "Defendants") was and is a business corporation with its principal place

9    of business located at 2 COLMA BLVD., COLMA, CA 94014, in the County of SAN MATEO, State

10    of California.        4. Plaintiff is informed and believes, and thereon alleges, that Defendants,

11    directly employed or exercised control over Plaintiff's wages, hours, and/or working conditions; it

12    failed and refused to pay, among other things, overtime compensation; it paid Plaintiff without accurate

13    itemized wage statements; and it failed to authorize and/or permit rest periods and uninterrupted meal

14    periods pursuant to Labor Code §§ 226.7 and 512, and all IWC Wage Orders applicable to Plaintiff's

15    industry and occupation.

16        5. Plaintiff is informed and believes and thereon alleges, that at all times relevant herein,

17    Defendant HOME DEPOT and some of DOES 1 through 25 named herein, whether in their individual

18    capacity or as a "Doe" Defendant, was at all times relevant to each Plaintiff's claims herein the agent,

19    employee, servant, master, and/or employer of each and every other Defendant, however named, and in

20    doing the things herein alleged, were acting within the course and scope of such agency or employment,

21    and with the approval and ratification of each of the other Defendants.

22        6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1

23    through 25, inclusive, and therefore sues said Defendants by such fictitious names and capacities.

24    Plaintiff will amend this complaint to show said Defendants' true names and capacities when they have

25    been ascertained. Plaintiff is informed and believes and thereon allege that at all times relevant, each

26    of said fictitiously named DOE defendants, was a business entity or individual person who owned,

27    controlled, or managed the business for which Plaintiff worked, and/or who directly or indirectly

28    exercised operational control over Plaintiff's wages, hours, and working conditions. Plaintiff further

2

COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

1  alleges that each and every one of said Doe Defendants held ownership, officer, director and/or

2  executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants,

3  which included decision-making responsibility for, and establishment of, illegal payroll practices and

4  policies for Defendants which have damaged Plaintiff in individual and separate amounts.  Thus, all

5  Defendants herein, whether named in this Complaint or named as DOES 1 through 25, were and are

6  "employers" as a matter of law, and each is individually liable on all causes of action alleged herein.

7      7.  Plaintiff is informed and believes, and thereon alleges, that each and every Defendant herein

8  is, and at all times relevant hereto was, a person, corporation or other business entity existing and

9  operating within the confines of the State of California, and thus subject to the jurisdiction of the

10  California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the

11  California market for labor of the kind provided by Plaintiff, and did transact and conduct business in

12  the State of California, and are thus subject to the jurisdiction of all laws, regulations and court

13  decisions rendered by the State of California.  Specifically, Defendants, and each of them, DOES 1

14  through 25, maintain offices, operate businesses, employ persons, conduct business in, and pay

15  employees by illegal payroll practices and policies in the County of SAN MATEO.

16      8.  Plaintiff is further informed and believes, and thereon alleges, that each and every Defendant

17  herein aided and assisted the other Defendants in committing the wrongful acts alleged herein, and that

18  Plaintiff's damages were proximately caused by each and every Defendant herein.

19      9.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

20  each of the Doe Defendants herein was in some fashion, by contract or otherwise, the successor, assign,

21  joint venturer, co-venturer, indemnitor, guarantor, partner or third-party beneficiary of one or more of

22  the remaining Defendants, and all times relevant to Plaintiff's claim alleged herein, was acting within

23  that capacity.  Plaintiff further alleges that each and every Defendant to some degree and extent

24  wrongfully received and/or wrongfully benefitted from the flow of assets from the other Defendants, to

25  the detriment of Plaintiff, and each of them, the rightful owners of the pay denied them, and that such

26  equities exist to merit this Court imposing restrictive orders, including without limitation a constructive

27  trust on such assets in the control of Defendants, or any of them, or their agents or anyone acting on

28  their behalf, as Plaintiff may trace to the wrongful recipient(s) and/or beneficiary(ies) of said funds.

3

10. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

11. HUERTA was employed as an Assistant Manager and Co-Manager with Defendants, and each of them, continuously from on or about JUNE 19, 1999 until on or about JULY 21, 2005. HUERTA's principal job duties consisted of setting up merchandise displays, stocking and restocking inventory, handling shipping and receiving, and uploading merchandise.

12. At all times relevant herein, Plaintiff was entitled to an hourly rate of pay of approximately $30.29 - $33.65 per hour.

13. Under Wage Orders established by the Department of Labor Standards and Enforcement ("D.L.S.E."), HUERTA does not qualify as an "exempt employee", and therefore, his employment is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage and therefore, also entitled to overtime wages.

14. HUERTA routinely worked in excess of eight (8) hours per day and forty (40) hours per week, all without receiving proper wages, any overtime or double-time pay.

15. HUERTA was consistently paid incorrectly by Defendants, because they failed to pay HUERTA his proper wages, for all hours worked, and for all applicable overtime hours to which he was entitled.

16. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as amended (8 Cal.Code Regs.§ 11050), applied to wages, hours, and working conditions of all persons such as Plaintiff, and all of Plaintiff's co-workers employed by Defendants, and each of them.

17. As a general rule, Defendants routinely denied Plaintiff herein a ten (10) minute rest break in the morning, and a ten (10) minute rest break in the afternoon, and/or a rest or meal break for every four (4) hours Plaintiff worked.

18. As a general rule, Plaintiff was prevented from taking a thirty (30) minute meal break after working for over five (5) hours, and/or again after working over ten (10) hours in the same day, contravening provisions of the Labor Code.

19. Throughout HUERTA's employment, Defendants and each of them failed to provide

4

1    Plaintiff with accurate itemized wage statements showing the correct number of hours worked by
2    HUERTA at the effective regular and overtime rates of pay applicable to those hours worked.

3       20. On MARCH 30, 2007, Plaintiff by certified mail served notice of the violations alleged in
4    this complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce
5    Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR
6    BOARD." Said notice was also served by certified mail on Defendants, at Defendants' last known
7    address(es). Upon the expiration of thirty-three (33) days or more following the sending of the notice,
8    and neither of the Plaintiff herein, nor Plaintiff's counsel having received notice from the LABOR
9    BOARD that said agency was accepting Plaintiff's claim for prosecution, Plaintiff alleges the right to
10   proceed with all remedies provided by law, including in addition to any compensatory damages
11   awarded on Plaintiff's complaint herein, any and all statutory penalties which are collectible by Plaintiff
12   under the provisions of Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private
13   Attorney General Act of 2004.

14

15                               CLAIMS FOR RELIEF
16                             FIRST CAUSE OF ACTION
17                    (Failure to Pay Overtime – Against All Defendants)

18      21. Plaintiff realleges and incorporates by reference under this cause of action each and every
19   allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

20      22. Pursuant to Labor Code §§ 510, 558, 1194, and related statutes, and also pursuant to all
21   IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to
22   compensate Plaintiff for all overtime actually worked, at the rate of one and one-half (1 ½) times the
23   regular rate of pay for hours worked in excess of forty (40) hours per week.

24      23. Pursuant to Labor Code §§ 510, 558, 1194, and related statutes, and also pursuant to all
25   IWC Wage Orders applicable to Plaintiff's industry and occupation, beginning on JUNE 19, 1999, and
26   continuing until the date Plaintiff ceased to be employed by Defendants, or any of them, Defendants and
27   each of them were required to compensate Plaintiff for all overtime actually worked, which is
28   calculated according to law for all hours worked in excess of eight (8) hours per day, 40 hours per week

                                          5

or on specific days of the week, as shall be shown at the time of trial.

24. Plaintiff was a nonexempt employee entitled to the protections of the California Labor Code, and all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the course of HUERTA's employment, Defendants, and each of them, failed to compensate Plaintiff HUERTA for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

25. Beginning on or about JUNE 19, 1999, pursuant to Labor Code §§ 280, 510, 1194, and 1198, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to compensate Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work week.

26. At all times relevant herein, Labor Code § 1194(a) provided that an employee, in the position of HUERTA, who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorney's fees and costs of suit.

27. Within the last four (4) years preceding the filing of this complaint, Defendants have employed Plaintiff HUERTA as an Assistant Manager and Co-Manager.

28. Throughout Plaintiff's respective employment, Defendants have failed and refused to pay and properly calculate overtime compensation to Plaintiff as required by law.

29. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay overtime wages, HUERTA has suffered and continues to suffer wage losses in a sum according to proof.

30. Plaintiff has incurred and continue(s) to incur legal expenses and attorney's fees. Plaintiff is entitled to legal expenses and attorney's fees pursuant to California Labor Code §1194(a), in sums according to proof.

6

COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

## SECOND CAUSE OF ACTION

### (Waiting Time Penalties - Cal. Lab. Code §§ 203 et seq. – Against All Defendants\)

31. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

32. Plaintiff HUERTA ceased being employed by Defendants, on or about JULY 21, 2005, whereby all monies owed must be paid, pursuant to statute (Labor Code §§201(a) and 227.3), to HUERTA within the time prescribed by law.

33. To date, Plaintiff HUERTA has still not been paid in full for, but not limited to: wages owed, overtime or double-time owed.

34. Defendants have willfully failed to pay Plaintiff all monies owed to Plaintiff.

35. As a result of these failures to pay, Plaintiff is individually entitled to waiting time penalties pursuant to Labor Code § 203, for a period of thirty (30) days.

36. Plaintiff have each incurred, and continue to incur, legal expenses and attorney's fees. Plaintiff are entitled to legal expenses and attorney's fees, pursuant to Labor Code §218.5, in a sum according to proof.

## THIRD CAUSE OF ACTION

### (For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements Against All Defendants)

37. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

38. At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants failed to properly and accurately itemize the number of hours worked by Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

39. Defendants and each of them, knowingly and intentionally failed to comply with Labor Code § 226, causing damages to Plaintiff. These damages, including but limited to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated

7

1   damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each

2   violation in subsequent pay periods pursuant to the Labor Code § 226, in an amount according to proof

3   at the time of trial (but in no event more than $4,000.00 for each respective Plaintiff herein) plus

4   reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

5

6                              FOURTH CAUSE OF ACTION

7   (Compensation for Required Meal Periods Not Provided – Lab. Code §§ 226.7, 512, and

8                        IWC Wage Orders – Against All Defendants)

9        40. Plaintiff realleges and incorporates by reference under this cause of action each and every

10  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

11       41. Labor Code § 512, and all IWC Wage Orders applicable to Plaintiff's industry and

12  occupation, generally require an employer to provide employees a meal period of not less than 30

13  uninterrupted minutes for every five hours worked.

14       42. Plaintiff alleges on information and belief that Defendants and each of them violated Labor

15  Code § 512, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to

16  provide Plaintiff the requisite 30-minute meal periods required by law throughout Plaintiff's respective

17  employment.

18       43. Plaintiff alleges on information and belief that Defendants further violated Labor Code

19  § 226.7, all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay one

20  hour of compensation at Plaintiff's regular rate of pay for each work day that the meal period was not

21  provided, in amounts to be shown at the time of trial but believed to be in excess of $2500.00.  This

22  amount is still owed and unpaid.

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

## FIFTH CAUSE OF ACTION

(Compensation For Required Rest Periods Not Provided — Cal. Lab. Code §§ 226.7 and IWC Wage Orders – Against All Defendants)

44. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

45. Pursuant to Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to authorize and permit employees, such as Plaintiff herein, to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

46. Defendants failed and refused to authorize and permit Plaintiff to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

47. Defendants further violated Labor Code § 226.7, all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay Plaintiff according to law, in amounts according to proof at the time of trial, which amount remain owing and unpaid.

## SIXTH CAUSE OF ACTION

(For Unfair Competition In Violation of Unfair Business Practices - Business & Professions Code §§ 17200-*et seq.* – By Plaintiff Acting Each Individually, and also For the Interests of the General Public – Against All Defendants)

48. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

49. California Business & Professions Code §§ 17200-*et seq.* prohibit acts of unfair competition, which includes any "unlawful and unfair business practices."

50. Defendants' and each of their conduct, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to Plaintiff herein, and to the general public. Plaintiff hereby seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. Plaintiff is a "person" within the meaning of the Business & Professions Code § 17204, and

9

1   thus possesses standing to bring this suit for injunctive relief and restitution.

2       51. It is the policy of this State to enforce minimum labor standards, to ensure that employees

3   are not required or permitted to work under substandard and unlawful conditions, and to protect those

4   employers who comply with the law from losing competitive advantage to other employers who fail to

5   comply with labor standards and requirements.

6       52. Through the conduct alleged herein, Defendants acted contrary to these public policies and

7   have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code

8   §§ 17200 et. seq., depriving Plaintiff herein, and other employees similarly situated, of the rights,

9   benefits, and privileges guaranteed to employees under California law.

10      53. Defendants, and each of them, regularly and routinely violated the following statutes and

11  regulations with respect to Plaintiff herein, and other employees similarly situated:  Labor Code §§ 510

12  and 1194, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to pay

13  overtime pay); Labor Code § 226 (failing to provide accurate wage statements to employees at the time

14  of payment); and/or Labor Code §§ 226.7 and 512, and/or all IWC Wage Orders applicable to

15  Plaintiff's industry and occupation (failure to provide rest and meal periods).

16      54. By engaging in theses business practices, which are unfair business practices within the

17  meaning of Business & Professions Code §§ 17200-*et. seq.*, Defendants harmed Plaintiff herein, and

18  also similarly situated employees, and thus by that design and plan gained an unfair competitive edge in

19  the marketplace.

20      55. Under Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of

21  these funds on behalf of him/herself and other employees similarly affected by Defendants' unfair

22  business practices as enumerated herein.

23      56. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent

24  Defendants from continuing to engage in the unfair business practices as alleged herein.  Plaintiff is

25  informed and believes that Defendants, and persons acting in concert with them, have committed and

26  will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the

27  relief prayed for below is granted, a multiplicity of actions will result.  Plaintiff and other interested

28  persons have no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not

10

COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

1    afford adequate and complete relief. The above-described acts will cause great and irreparable damage

2    to Plaintiff and other interested persons, unless Defendants are restrained from committing further

3    illegal acts.

4        57. Plaintiff's success in this action will result in the enforcement of important rights affecting

5    the public and will confer a significant benefit upon the general public. Private enforcement of the

6    rights enumerated in this complaint is necessary, as public agencies have only sought limited

7    enforcement of those rights, if any. Plaintiff, individually and by and through counsel, has incurred

8    and continues to incur a financial burden in pursuing this action on behalf of the general public.

9    Plaintiff further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore,

10   Plaintiff seeks an award of attorney's fees and costs of suit on this cause of action pursuant to Code of

11   Civil Procedure § 1021.5 and other applicable Labor Code sections.

12

13                          SEVENTH CAUSE OF ACTION

14          (For Failure To Produce Records- Cal. Labor Code § 1174.5 –

15                          Against All Defendants)

16       58. Plaintiff realleges and incorporates by reference under this cause of action each and every

17   allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

18       59. Labor Code § 1174.5 providing that any person employing labor who willfully fails to allow

19   any member of the commission or employees to inspect records is in violation of Labor Code § 1174,

20   Defendants' and each of their failure to do so subjects Defendants to liability as provided thereunder.

21       60. Section 1174.5 providing that those in violation of the code shall be subject to a civil

22   penalty of seven hundred fifty dollars ($750.00), Defendants and each of them are subject to said

23   penalty, payable to Plaintiff herein.

24       61. In a letter dated APRIL 3, 2007 to KENNY GARRIDO, demand was made by Plaintiff for

25   his employment records. Defendants having willfully failed to produce any of the requested records, as

26   a legal and proximate result, Plaintiff is entitled to penalties in sums to be calculated and imposed by

27   the Court at the time of trial in this matter. Defendants and each of them are in violation of Labor Code

28   § 1174.5, and are thus liable jointly and severally liable for an additional $750 penalty payable to

                                    11

1   Plaintiff.

2

3 **EIGHTH CAUSE OF ACTION**

4 (Constructive Trust - Against All Defendants)

5      62. Plaintiff realleges and incorporates by reference under this cause of action each and every

6 allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

7      63. During the course of the events detailed in this complaint, and arising out of the relationship

8 between employer and employee, as existed between Plaintiff and Defendants, and each of them, a

9 special relationship of trust arose between Plaintiff and Defendants, and each of Defendants.

10      64. Contrary to and in direct violation of that special relationship, and contrary to the duties of

11 trust and fidelity imposed on employers by California law, Defendants, and each of them, violated said

12 trust by retaining monies due to Plaintiff, at the occasion of each and every regular payday when

13 Plaintiff, relying on Defendants' and each of their loyalty, good faith, honesty and integrity, accepted

14 pay from Defendants, and each of them, which was less than the sums actually due Plaintiff for the time

15 worked during that pay period.

16      65. Thus, Defendants, and each of them, on the occasion of each and every payday when pay

17 was rendered to Plaintiff, did retain, convert and embezzle the monies rightfully due Plaintiff –

18 specifically, the sums due for overtime worked, but not paid for.

19      66. The true amount(s) of said monies due is/are amenable to proof at the time of trial. Plaintiff

20 has no adequate remedy at law to prevent Defendants, and each of them, from looting said funds from

21 the accounts of the other Defendants, and each of them, and thus prays this Court impose the equitable

22 remedy of constructive trust, in the sum of all monies due under this complaint, including overtime pay

23 for uncompensated time worked, interest, costs and attorneys' fees, on any and all funds, assets,

24 accounts, or other appropriate monies and things, with the beneficiary of said trust being Plaintiff.

25      67. The equities balance in favor of the imposition of such a constructive trust, since

26 Defendants, and each of them, with their superior bargaining power, economic resources and the

27 mechanisms of banking and finance, stand in a much more powerful position than Plaintiff, who has no

28 practical way to constrain or prevent Defendants from wasting, converting or further secreting said

12

assets, monies and things, than by this Court's imposition of said constructive trust.

WHEREFORE, Plaintiff HUERTA respectfully prays this Court enter judgment in favor of Plaintiff HUERTA, and against Defendants, and each of them, as follows, on all of Plaintiff's causes of action, as appropriate :

1. For back pay, front pay, and other Special Damages according to proof;

2. For general Damages as shall be shown at the time of trial;

3. For all statutory damages;

4. For restitution of all monies due to HUERTA, and disgorgement of profits from the unlawful business practices of Defendants;

5. For punitive damages in the sound discretion of the Court;

6. For pre-judgment and post-judgment interest on all damages awarded;

7. For all penalties imposed as stipulated by the California Labor Code; including waiting time penalties, pursuant to Labor Codes §§ 203 and 558;

8. For reasonable attorneys' fees, pursuant to Labor Code §§ 218.5, 2699. Code of Civil Procedure §1021.5, Business & Professions Code § 17200 et seq., and according to any other attorney-fee statutes found by the Court to apply to the facts presented at trial;

9. For costs of suit incurred;

10. For compensation of one hour at the regular rate of pay for each meal period denied and each rest period denied in violation of Labor Code § 226.7, 512 and all IWC Wage Orders applicable to Plaintiff's industry and occupation, according to proof;

11. For a preliminary and permanent injunction ordering each and every Defendant to cease such unlawful and unfair practices as alleged herein above and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations;

12. For the imposition of a constructive trust against Defendants, and each of them, and such appropriate preliminary injunction as the Court may order during the period before a final judgment is entered in this matter, on such assets, monies and things, as Plaintiff shall show the Court at trial, or in

13

COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

1  the case of any application for preliminary injunction, such assets, monies and things as Plaintiff shall

2  show the Court to exist at the time such *pendente lite* relief may be sought; AND

3      13. For such other and further relief as the Court deems just.

4

5  DATED: MAY 2, 2007        UNITED EMPLOYEES LAW GROUP, PC

6

7

8                            By: _____
                                 Thomas K. Emmitt, Esq., Attorney for
9                                Plaintiff RICK HUERTA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    14

# NOTICE OF CASE MANAGEMENT CONFERENCE CIV 463295

_Rick Huerta_

vs.

_Home Depot_

Case No. _____

Date: _____ SEP 26 2007

Time: 9:00 a.m.

Dept. 3 - on Tuesday & Friday
Dept. 8 - on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 3.110).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

\* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: Superior Court of California
MAILING ADDRESS: County of San Mateo
CITY AND ZIP CODE: 400 County Center
BRANCH NAME: Redwood City, CA 94063-1855

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:          Time:          Dept.:          Div.:          Room:
Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. ☐ The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. Description of case
   a. Type of case in ☐ complaint  ☐ cross-complaint  (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 (Rev. January 1, 2007)

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in (check all that apply):

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other (specify):

    e. ☒ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. **Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement (name):

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other (specify):
    Status:

14. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

15. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. **Other motions**
    ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Superior Court of California • County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Attention: Case Management Conference Clerk
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1635

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at http://www.co.sanmateo.ca.us.sanmateocourts/adr.htm.

ADR-CV-1 [Rev. 9/04]                                    www.sanmateocourt.org

## SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

### APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes that are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes,

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number):<br><br>Superior Court of California, County of San Mateo<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | Court Use Only |
|---|---|
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule. 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation            ☐ Binding Arbitration (private)
☐ Neutral Evaluation               ☐ Settlement Conference (private)
☐ Non-Binding Judicial Arbitration CCP 1141.12    ☐ Summary Jury Trial
☐ Other: _____

Case Type: _____
Neutral's name and telephone number: _____
Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

### ORIGINAL SIGNATURES

Type or print name of ☐ Party without attorney      ☐ Attorney for (Signature)

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant      Attorney or Party without attorney

Type or print name of ☐ Party without attorney      ☐ Attorney for (Signature)

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant      Attorney or Party without attorney

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655  (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation              ☐ Binding Arbitration (private)
☐ Neutral Evaluation               ☐ Settlement Conference (private)
☐ Non-Binding Judicial Arbitration CCP 1141.12    ☐ Summary Jury Trial
☐ Other: _____

Case Type: _____
Neutral's name and telephone number: _____
Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

### ORIGINAL SIGNATURES

Type or print name of ☐ Party without attorney          ☐ Attorney for (Signature)

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant    Attorney or Party without attorney

Type or print name of ☐ Party without attorney          ☐ Attorney for (Signature)

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant    Attorney or Party without attorney

ADR-CV-2 [Rev. 6/04]          Page 1 of 2          www.sanmateocourt.org

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

---
Type or print name of ☐ Party without attorney.

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

---
☐ Attorney for (Signature)

Attorney or Party without attorney

---
Type or print name of ☐ Party without attorney

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

---
☐ Attorney for (Signature)

Attorney or Party without attorney

IT IS SO ORDERED:

DATE:

---
JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

### DIVISION II
### COURT MANAGEMENT - SUPERIOR COURT

### CHAPTER 1. FORM AND SERVICE OF PAPERS

Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

Rule 2.1  Form of Papers Presented for Filing

Reference. CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1, 2000)

Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

(c)    Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed <u>before</u> July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)    Filing and service of pleadings; exceptions.

(1)    Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

    (A)    A blank copy of the Judicial Council Case Management Statement;

    (B)    A copy of Local Rule 2.3;

    (C)    The Notice of Case Management Conference.

    If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)    Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section. 428.50 and serve with that cross-complaint:

    (A)    A blank copy of the Judicial Council Case Management Statement;

    (B)    A copy of Local Rule 2.3;

    (C)    The Notice of Case Management Conference.

(3)    Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

    If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)    Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)——Exceptions for longer periods of time to serve or respond:

2007 Div II - Rules                                    202                               Revised 1/1/2007

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

   (A)    An order referring the case to arbitration, mediation or other dispute resolution process;

   (B)    An order transferring the case to the limited jurisdiction of the superior court;

   (C)    An order assigning a trial date;

   (D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

   (E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

   (F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

   (G)    An order scheduling the exchange of expert witness information;

   (H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

   (I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

   (A)    Reference CRC, Rule 3.670

   (B)    Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

   (C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . and the expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)    Setting Short Cause Matters

All motion matters shall be heard by the regularly assigned Law and Motion judge.

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)    Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)    Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

Superior Court of California, County of San Mateo

### C. Application to Designate or Counter-Designate an Action as a Complex Case.

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1) Management of a large number of separately represented parties;
(2) Complexity of anticipated factual and/or legal issues;
(3) Numerous pretrial motions that will be time-consuming to resolve;
(4) Management of a large number of witnesses or a substantial amount of documentary evidence;
(5) Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6) Whether or not certification of a putative class action will in fact be pursued; and
(7) Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

### D. Noncomplex Counter-Designation.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

### E. Decision by Presiding Judge on Complex Case Designation; Early Status Conference.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

| ATTORNEY OF RECORD (Name/Address/Phone/Fax): | DO NOT FILE WITH COURT |
|---|---|
| State Bar No._____ <br><br> ATTORNEY FOR (Name): <br><br> San Mateo Superior Court | COMPLETELY FILL OUT/CORRECT FORM BEFORE SUBMITTING TO COURTCALL!! |
|  | CASE NUMBER: <br><br> JUDGE/DEPARTMENT: <br><br> DATE AND TIME: <br><br> NATURE OF HEARING: |
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** |  |

1.  _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT *I DIAL* INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.

2.  Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 26), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4670 OR (888) 88-FAXIN.

3.  The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 if late filing is accepted) is paid as follows:

    ☐  Check (copy faxed-write case # on check) payable to CourtCall. DO NOT MAIL ORIGINAL. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

    ☐  Charged to CourtCall Debit Account No.:_____

    ☐  Charged to VISA, MasterCard or American Express:

    > **TO BE COMPLETED ONLY ON THE COPY SUBMITTED TO CourtCall, LLC:**
    >
    > Credit Card:  ○ VISA   ○ MasterCard   ○ American Express
    >
    > Credit Card Number:_____  Expiration Date:_____
    >
    > To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be faxed to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card.
    >
    > Date:_____  Name on Card:_____  _____  _____
    >                                       Type Name            Signature

4.  Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.

Dated:_____    _____Signature_____

4.25.02    **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas K. Emmitt, State Bar No. 207504 | |

65 Pine Avenue, # 312
Long Beach, California 90802
TELEPHONE NO.: (562) 256-1047     FAX NO. (Name): (562) 256-1006
ATTORNEY FOR (Name): Plaintiff (Rick Huerta)
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME: Hall of Justice

**RECEIVED**

MAY 2 5 2007

**SUPERIOR COURT
CIVIL DIVISION**

CASE NAME:
Rick Huerta v. Home Depot U.S.A Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CV 4 6 3 2 9 5 |
|---|---|---|---|---|
| [XX] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | JUDGE: DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [XX] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [XX] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [XX] nonmonetary; declaratory or injunctive relief   c. [XX] punitive

4. Number of causes of action (specify):

5. This case [ ] is [XX] is not a class action suit.

Date: May 08, 2007

Thomas K. Emmitt
(TYPE OR PRINT NAME)                                    ▶ _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.juridiction.com

 

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check off five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice— Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)*(08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case—Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation(14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800–1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Toxic Tort/Environmental (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Tax
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2003]  **CIVIL CASE COVER SHEET**  Page 2 of 2



**CSC.**

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

KUB / ALL
Transmittal Number: 5183031
Date Processed: 06/07/2007

Primary Contact:       Nancy Bunker
                       The Home Depot, Inc.
                       2455 Paces Ferry Rd SE
                       Atlanta, GA 30339-1834

Copy of transmittal only provided to:   Quinessa Malcolm

| | |
|---|---|
| Entity: | Home Depot U.S.A., Inc. |
| | Entity ID Number 2483807 |
| Entity Served: | Home Depot U.S.A., Inc. |
| Title of Action: | Rick Huerta vs. Home Depot U.S.A. Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | San Mateo Superior Court, California |
| Case Number: | CIV 463295 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/07/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Thomas K Emmitt |
| | 562-256-1047 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Rcvd. Legal Dept

JUN 11 2007

By McBearis to Lim

# EXHIBIT B

1  PAYNE & FEARS LLP
   Attorneys at Law
2  James T. Conley, Bar No. 224174
   One Embarcadero Center, Suite 2300
3  San Francisco, CA 94111
   Telephone: (415) 398-7860
4  Facsimile: (415) 398-7863

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 0 5 2007

Clerk of the Superior Court
By   DANIEL SHEA
        DEPUTY CLERK

5  PAYNE & FEARS LLP
   Attorneys at Law
6  Andrew J. Jarmillo, Bar No. 198303
   4 Park Plaza, Suite 1100
7  Irvine, CA 92614
   Telephone: (949) 851-1100
8  Facsimile: (949) 851-1212

9  Attorneys for Defendant
   HOME DEPOT U.S.A., INC. (erroneously sued herein as
10 The Home Depot)

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     COUNTY OF SAN MATEO

13  RICK HUERTA                          CASE NO. CIV463295

14          Plaintiff,                   **DEFENDANT HOME DEPOT, U.SA.,
                                         INC.'S ANSWER TO PLAINTIFF RICK
15      v.                               HUERTA'S COMPLAINT**

16  HOME DEPOT U.S.A., INC. a Delaware
    corporation doing business in California; and
17  DOES 1-25, inclusive

18          Defendants.

19

20                              I.

21            **GENERAL AND SPECIFIC DENIALS**

22

23      Pursuant to Code of Civil Procedure section 431.30, subdivision (d), defendant Home

24  Depot. ("Home Depot" or "Defendant"), denies, generally and specifically, each and every

25  allegation contained in the Complaint for Damages (the "Complaint") and filed herein by plaintiff

26  Rick Huerta ("Plaintiff").  Home Depot further denies, generally and specifically, that Plaintiff

27  has been damaged in any sum, or at all, by reason of any act or omission on the part of Home

28  Depot, or on the part of any agent or employee of Home Depot.

1        Answering Plaintiff's prayer for relief, and all paragraphs contained therein, Home Depot

2 denies, both generally and specifically, that Plaintiff is entitled to any relief or remedy whatsoever.

3

## AFFIRMATIVE DEFENSES

5

6        As for its separate affirmative defenses to the Verified Complaint and to each cause of

7 action alleged therein, Home Depot pleads as follows:

8

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

11

12       1.     The Complaint and each cause of action purportedly contained therein fails

13 to state facts sufficient to constitute a cause of action upon which relief may be granted.

14

## SECOND AFFIRMATIVE DEFENSE
### (Legitimate, Non-Discriminatory Business Reason)

17

18       2.     Plaintiff's causes of action are barred, in whole or in part, because each

19 employment action of which Plaintiff complains, if it occurred, was taken for legitimate business

20 reasons that did not violate public policy or any statutory prohibition.

21

## THIRD AFFIRMATIVE DEFENSE
### (No Liability for Hours Not Worked)

24

25       3.     Plaintiff's claims for unpaid wages are barred, in whole or in part, on the

26 ground that Plaintiff is not entitled to compensation for hours not constituting working time or

27 hours worked under California law.

28

DEFENDANT HOME DEPOT, U.S.A., INC.'S ANSWER TO PLAINTIFF RICK HUERTA'S COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

(Exempt Level Employee)

4.     Plaintiff's causes of action are barred, in whole or in part, because Plaintiff was properly compensated as an exempt level employee pursuant to the requirements of the California Labor Code and the applicable Wage Order of the California Industrial Welfare Commission.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

5.     Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

6.     Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" because Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered.

## SEVENTH AFFIRMATIVE DEFENSE

(Facts Alleged Insufficient to Support Claim for Punitive Damages)

7.     Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that any Defendant engaged in oppressive, fraudulent or malicious conduct.

## EIGHTH AFFIRMATIVE DEFENSE

(No Punitive Damages Against Defendant Home Depot)

8.    Plaintiff is not entitled to recover punitive or exemplary damages from Defendant Home Depot for the alleged acts referred to in the Complaint on the grounds that said acts, if any, were performed by an employee of Home Depot and that none of Home Depot=s officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Home Depot or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Home Depot employ said employee with a conscious disregard of the rights or safety of others. CAL. CIV. CODE § 3294.

## NINTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional In This Action)

9.    Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

(Bad Faith and Frivolous Action)

10.    The Complaint, and each alleged cause of action contained therein, was brought by Plaintiff in bad faith and is frivolous and by reason of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in

-4-

SAN FRANCISCO, CA 94111
(415) 398-7860

defending this action pursuant to California Civil Procedure Code Section 128.6.

## ELEVENTH AFFIRMATIVE DEFENSE

(Statutes of Limitations)

11.    The Complaint, and each alleged cause of action contained therein, is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337(1), 338 subdivision (a), 339(1), 340 subdivision (a), and 343; and Cal. Bus. & Prof. Code § 17208.

## TWELFTH AFFIRMATIVE DEFENSE

(Estoppel)

12.    Plaintiff is estopped, by reason of her conduct and actions, from asserting each and any of her alleged claims herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Laches)

13.    The Complaint, and each alleged cause of action contained therein, is barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

14.    Plaintiff has waived the right (if any), by reason of her conduct and actions, to assert her alleged claims herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Complaint Insufficient for Damages Award)

15.     Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to any award of damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Labor Code Penalties Not Recoverable by Private Litigants)

16.     Plaintiff's Complaint seeking civil penalties for violations of certain provisions under the California Labor Code are not recoverable by private litigants, including, among others, civil penalties sought under California Labor Code Section 558.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Showing of Unfair Competition)

17.     Plaintiff's cause of action under California Business & Professions Code § 17200, *et. seq.*, is barred because Plaintiff cannot show an injury to competition and/or unfair business practice, as distinguished from an alleged injury to herself.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Set Off)

18.     If Plaintiff has any damages, which is denied, Defendant is entitled to a set-off for all compensation or benefits Plaintiff would not otherwise have received if Plaintiff was classified as a non-exempt employee.

DEFENDANT HOME DEPOT, U.S.A., INC.'S ANSWER TO PLAINTIFF RICK HUERTA'S COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

(Right to Assert Additional Affirmative Defenses as Facts are Developed)

19.    Defendant cannot fully anticipate all defenses that may be applicable. Accordingly, Home Depot reserves the right to assert additional affirmative defenses if, and to the extent, any such affirmative defenses are later discovered or are found to be applicable.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff;

2.    That the Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit herein;

4.    That Defendant be awarded reasonable attorneys' fees as determined by the Court pursuant to the law; and

5.    For such other and further relief as the Court deems just and proper.

DATED: July 5, 2007                PAYNE & FEARS LLP



By: _____
                        JAMES T. CONLEY

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued herein
as The Home Depot)

360783.1

DEFENDANT HOME DEPOT, U.S.A., INC.'S ANSWER TO PLAINTIFF RICK HUERTA'S COMPLAINT

## PROOF OF SERVICE

RICH HUERTA v. HOME DEPOT U.S.A., INC. ET AL

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is One Embarcadero Center, Suite 2300, San Francisco, CA 94111.

On July 5, 2007, I served the following document(s) described as DEFENDANT HOME DEPOT, U.S.A., INC.,'S ANSWER TO PLAINTIFF RICK HUERTA'S COMPLAINT on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

UNITED EMPLOYEES LAW          Attorneys For Plaintiff
GROUP, P.C.
WALTER L. Haines, Esq.
Thomas K. Emmitt, Esq.
65 Pine Avenue, Suite 312
Long Beach, CA 90802
Tele: (562) 256-1047
Fax: (562) 256-1006

[X] **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

[ ] **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

[ ] **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 5, 2007, at San Francisco, California.

ALICIA S. CARR

**PROOF OF SERVICE**

Rick Huerta v. The Home Depot et al.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is One Embarcadero Center, Suite 2300, San Francisco, CA 94111.

On July 6, 2007, I served the following document(s) described as PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C., SECTIONS 1332 AND 1441(b) on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

UNITED EMPLOYEES LAW               Attorneys For Plaintiff
GROUP, PC                          Rick Huerta
Walter L. Haines, Esq.
Thomas K. Emmitt, Esq.
65 Pine Ave., Suite 312
Long Beach, CA 90802

☒   **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐   **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐   **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐   **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐   **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 6, 2007, at San Francisco, California.

ALICIA S. CARR

PROOF OF SERVICE                                                    CASE NO.