1  PAYNE & FEARS LLP
   Attorneys at Law
2  James T. Conley, Bar No. 224174
   One Embarcadero Center, Suite 2300
3  San Francisco, CA 94111
   Telephone: (415) 398-7860
4  Facsimile: (415) 398-7863

5  PAYNE & FEARS LLP
   Attorneys at Law
6  Andrew J. Jarmillo, Bar No. 198303
   4 Park Plaza, Suite 1100
7  Irvine, CA 92614
   Telephone: (949) 851-1100
8  Facsimile: (949) 851-1212

9  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
10

11                UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  RICK HUERTA,                    CASE NO. C 07 3520 PJH

15        Plaintiff,                **JOINT CASE MANAGEMENT STATEMENT**

16     v.

17  HOME DEPOT, U.S.A., INC., a
    Delaware corporation doing
18  business in California and      Date Action Filed: May 25, 2007
    DOES 1-25                       Trial Date: None set
19
          Defendants.
20

21

22

23        Pursuant to Local District Court Rule 16-9, plaintiff

24  Rick Huerta ("Plaintiff") and defendant The Home Depot U.S.A.,

25  Inc. ("Defendant") hereby jointly submit the following Case

26  Management Statement:

27

28

---

JOINT CASE MANAGEMENT STATEMENT                    Case No C07 3520 PJH

1. <u>Jurisdiction and Service</u>

This Court has jurisdiction over this action because complete diversity exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Defendant is a Delaware corporation with its principal place of business in Georgia. Plaintiff resides in the State of California. Further, the amount in controversy exceeds $75,000. The parties are not currently aware of any personal jurisdiction or venue issues. The parties are not currently aware of any parties that remain to be served.

2. <u>Facts</u>

This is a wage and hour case in which Plaintiff claims that he was not properly classified as exempt from California overtime pay requirements when he was employed by Defendant as an Assistant Store Manager. Defendant contends that it properly classified all of its Assistant Store Managers, including Plaintiff, as exempt pursuant to the appropriate Wage Orders of the California Industrial Welfare Commission and California law.

Plaintiff alleges that he is entitled to unpaid overtime, waiting time penalties pursuant to Labor Code Section 203, penalties for failure to provide meal and/or rest periods, and for a penalty for failing to provide him accurate itemized wage statements. Plaintiff has also alleged causes of action based on unfair competition, failure to produce records, and constructive trust.

JOINT CASE MANAGEMENT STATEMENT                    Case No. C 07 3520 PJH

Defendant denies Plaintiff's allegations and denies that he has been damaged in any sum. Defendant contends that during the entire period during which Plaintiff was employed as an Assistant Store Manager, Plaintiff performed exempt duties and fit within the definition of an exempt employee. Defendant denies that plaintiff was misclassified and denies that he has any viable cause of action against Defendant.

3.  Legal Issues

The key disputed point of law in this action is whether Plaintiff was exempt from the overtime and meal period provisions of the California Wage Orders. See California Industrial Welfare Commission Order No. 7-2001. Also at issue is whether Plaintiff may maintain a claim for relief under Business and Professions Code Section 17200, et seq. (unfair competition) and the appropriate statute of limitations. Arias v. Superior Court, 153 Cal. App. 4th 777 (2007).

4.  Motions

There are no prior or pending motions in this matter. Defendant anticipates filing a motion for summary judgment. There are no discovery-related motions currently anticipated, though the parties may file such motions if necessary.

5.  Amendment of Pleadings

The parties do not expect to add or dismiss any parties, claims, or defenses at this time. The parties propose November 30, 2007, to amend the pleadings.

6.  Evidence Preservation

The parties have taken all steps necessary to preserve evidence relevant to the issues reasonably evident in this action. Pursuant to FRCP 26(f)(3), the parties do not believe that there is a need for discovery into any electronically stored information. To the extent that the parties later develop a need for discovery from electronically stored information, they will discuss such information at the appropriate time.

7.  Disclosures

The parties agree that no changes should be made to the timing, form or requirement for disclosures under FRCP 26(a). The parties will exchange initial disclosures on or before the Conference on October 11, 2007.

8.  Discovery

The parties have not taken any discovery to date. In addition to the exchange of initial disclosures, the parties anticipate completing written discovery, document productions,

1  and any necessary depositions.

2

3       The parties may require discovery on the following
4  subjects: (1) Plaintiff's duties and his supervisory
5  responsibilities; (2) Plaintiff's performance of his duties and
6  supervisory responsibilities; (3) Plaintiff's allegations in his
7  complaint, including but not limited to his claims that he was
8  misclassified as an exempt employee; (4) Plaintiff's work
9  schedules; (5) Plaintiff's meal periods; (6) Defendant's policies
10 and procedures related to Assistant Store Managers and their job
11 duties; (7) Defendant's responses and defenses to Plaintiff's
12 claims; (8) Plaintiff's complaints, if any, related to his work
13 duties and any discipline he received; (9) Liability and damages,
14 including, but not limited to, Plaintiff's efforts to mitigate
15 any alleged damages.

16

17      The parties expressly reserve their rights to conduct
18 discovery on any and all other matters pertinent to the claims
19 and defenses raised in the pleadings or otherwise available to
20 the parties.

21

22      The parties propose the following discovery plan pursuant to
23 FRCP 26(f). The parties agree that all discovery should be
24 completed by April 25, 2008, or within ninety days before the
25 date this matter is set for trial.  With regard to expert
26 disclosures and discovery, the parties agree that such discovery
27 shall be completed at least sixty (60) days before the trial date
28 or, if the evidence is intended solely to contradict or rebut

evidence on the same subject matter identified in the other party's expert disclosure, within thirty (30) days after the disclosure made by the other party.

The parties agree that no changes should be made in the limitations on discovery imposed by the FRCP or the Local Rules with the exception of the time limits imposed on depositions by FRCP 30. The parties stipulate that the provisions of FRCP 30(d)(2), which limit the length of a deposition to one day of seven hours, will not apply to the depositions of Plaintiff if additional time is reasonably necessary to complete his deposition.

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

The parties currently are unaware of any cases related to this action.

11. <u>Relief</u>

Plaintiff claims overtime, penalties and interest of approximately $110,500. Defendant contends that if liability is established, damages should be calculated based upon the admissible documentary and testimonial evidence set forth in the

action.

12. <u>Settlement and ADR</u>

The parties agree that it is too early to determine the prospects for settlement. The parties have complied with the requirements of ADR L.R. 3-5 by agreeing to engage in private mediation (see ADR Certification and Stipulation/Order, filed separately). The parties agree that they will be in a better position to conduct serious settlement negotiations after initial disclosures and discovery have been completed.

13. <u>Consent to Magistrate Judge For All Purposes</u>

The parties agree that they are willing to consider having this matter assigned to a magistrate judge for all further proceedings including trial and entry of judgment.

14. <u>Other References</u>

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties agree that the IWC Wage Order 7-2001 sets forth the correct exemptions under which Defendant contends that

Plaintiff was qualified. The parties do not currently anticipate an ability to narrow any other issues presented in this case.

16. Expedited Schedule

The parties do not believe that this case can or should be subject to an expedited or streamlined schedule that is inconsistent with the proposed dates set forth below.

17. Scheduling

The parties propose the following dates:

(1) Discovery Cutoff: April 25, 2008
(2) Motion Cutoff: May 23, 2008
(3) Designation of Experts: June 6, 2008
(4) Final Pretrial Conference: July 18, 2008
(5) Trial: August 18, 2008

18. Trial

The parties agree that this case may be tried to the court and the expected length of the trial is 3 to 4 days.

19. Disclosure of Non-party Interested Entities or Persons

Each party has filed the "Certification of Interested

Entities or Persons" required by Civil Local Rule 3-16. Plaintiff has not identified any persons or entities. Defendant has identified Home Depot, Inc., its parent company.

20. The parties do not believe that there are any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: October 9, 2007        PAYNE & FEARS LLP

                              By:/s/_____
                                    ANDREW J. JARAMILLO

                              Attorneys for Defendant
                              THE HOME DEPOT, INC.

DATED: October 9, 2007        UNITED EMPLOYEES LAW GROUP, P.C.

                              By:/s/_____
                                    BRUCE DAVIS

                              Attorneys for Plaintiff
                              RICK HUERTA

JOINT CASE MANAGEMENT STATEMENT                    Case No. C 07 3520 PJH